UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                        CRIMINAL ACTION

LYNNE T. FRUCHTNICHT                           NUMBER 10-91-BAJ-SCR

                        AND

UNITED STATES OF AMERICA

VERSUS                                        CRIMINAL ACTION

LYNNE T. FRUCHTNICHT                           NUMBER 10-111-BAJ-SCR


**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 6, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

LYNNE T. FRUCHTNICHT                            NUMBER 10-91-BAJ-SCR

                              AND

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

LYNNE T. FRUCHTNICHT                            NUMBER 10-111-BAJ-SCR


**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Lynne T. Fruchtnicht.[1] Also before the court is the petitioner's Motion and Memorandum In Support of Request for Incarceration Adjustment and/or Ruling on 2255 Motion Based on Humanitarian Grounds.[2]

On October 22, 2013, the parties were granted until November 12, 2013, to file memoranda addressing whether the petitioner waived her ineffective assistance of counsel claim raised in Ground

---

[1] Petitioner filed a single § 2255 motion which was simultaneously filed in CR 10-91-BAJ-SCR and 10-111-BAJ-SCR.  These criminal cases were consolidated for sentencing and the grounds alleged in the § 2255 motion apply to both cases.

[2] Record document number 43.

Two.[3]  On November 12, 2013, the United States of America filed a Supplemental Memorandum in Opposition to Defendant's Motion to Vacate Under 28 U.S.C. § 2255.[4]  Petitioner did not respond to the court's order.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

## I. Procedural History

On October 9, 2010, the petitioner pled guilty to one count of Obstruction of Justice in violation of 18 U.S.C. § 1503 (Count 1 in CR 10-91), one count of Making and Using a False Writing Document in violation of 18 U.S.C. § 1001(a)(3) (Count 2 in CR 10-91), and one count of Making and Using a False Writing Document in violation of 18 U.S.C. § 1001(a)(3) (Count 1 in CR 10-111) in the United States District Court for the Middle District of Louisiana. Petitioner was sentenced to serve a concurrent 30 month term of imprisonment on each count.  Judgment was entered on July 25, 2011. Petitioner did not appeal.

Petitioner signed her § 2255 motion on April 18, 2012, and it was filed on April 26, 2012.  Petitioner asserted three grounds for relief:

Ground One:    the calculation of the amount of loss under the sentencing guidelines was improper;

---

[3] Record document number 50.

[4] Record document number 37.

2

Ground Two:     she was denied effective assistance of counsel
                when counsel failed to present to the court
                information regarding the resale of property
                that was completed prior to sentencing, which
                would have resulted in an offset against the
                amount of loss; and,

Ground Three:   the offense level enhancement for the number
                of victims as contained in the presentence
                report ("PSR") was improper.

Petitioner's § 2255 motion was filed timely.  No evidentiary
hearing is required.

## II. Applicable Law and Analysis

There are four grounds upon which a federal prisoner may move
to vacate, set aside, or correct his sentence: (1) the sentence was
imposed in violation of the Constitution or laws of the United
States; (2) the court was without jurisdiction to impose the
sentence; (3) the sentence exceeds the statutory maximum sentence;
and, (4) the sentence is otherwise subject to collateral attack.
28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82
S.Ct. 468, 470-71 (1962).

### A. Grounds One and Three - Waiver

In Ground One the petitioner challenged the calculation of the
amount of loss contained in the PSR.   In Ground Three the
petitioner challenged the offense level enhancement for the number
of victims contained in the PSR.  At the sentencing the district
judge adopted both the calculation of the loss and the offense
level enhancement.

3

To address these grounds for relief the court must first address the validity of the petitioner's guilty plea.   Rule 11, Fed.R.Crim.P., ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it.[5] *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).   Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that the error affects her substantial rights.   *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2002).

Petitioner was rearraigned on October 19, 2010, represented by Provino C. Mosca.   The Plea Agreement[6] was offered into the record,[7] the petitioner waived formal reading of each bill of information,[8]

---

[5] Rule 11(b)(1) provides, in pertinent part, as follows:
        Before the court accept a plea of guilty or nolo contendere,... the court must inform the defendant of, and determine that the defendant understands, the following:
...
     (G) the nature of each charge to which the defendant is pleading;
     (H) any maximum possible penalty ...;
     (I) any mandatory minimum penalty;
...
     (M) in determining the sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors ...

[6] Record document number 12 (CR 10-91-BAJ-SCR).

[7] Record document number 39 (CR 10-91-BAJ-SCR), Transcript of Re-arraignment, pp. 11-12.

[8] *Id*. at 13.

the petitioner pled guilty to each count,[9] and the petitioner was placed under oath[10] and questioned by the district judge.

During the Rule 11 colloquy, the district judge informed the petitioner of the charges against her to which she intended to plead guilty.[11]  The district judge verified that the petitioner fully understood the charges against her and the sentencing ramifications of her guilty plea.[12]  Petitioner acknowledged that the terms of the plea agreement constituted the entire agreement and that no promises, assurances or inducements had been made.[13] Petitioner acknowledged that she had not been threatened, intimidated or coerced in any manner.[14]  Petitioner acknowledged that she fully understood the agreement and entered into the plea agreement knowingly, voluntarily and with advice of counsel.[15]

The record clearly shows that the petitioner was adequately informed and was aware of the consequences of her plea. Petitioner's plea was voluntary, knowing and intelligently entered.

Petitioner's written plea agreement informed her of the right

---

[9] *Id*. at 14-15.

[10] *Id.* at 16-17.

[11] *Id.* at 27-61.

[12] *Id.*

[13] *Id*. at 62.

[14] *Id.* at 63.

[15] *Id.*

to appeal her sentence, and that by entering into the plea agreement she would forfeit that right, including a proceeding under 28 U.S.C. § 2255.[16]   In addition, during the arraignment hearing, the district judge once again advised the petitioner regarding the waiver of her right to appeal.[17]

It is well-established that a defendant may waive the right to appeal and to collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary.   *See, e.g., United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements.")   A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544.   A court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence. *See United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

---

[16] The Plea Agreement reserved the right to appeal "(a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court."   Plea Agreement, p. 3, ¶ 8. The guidelines range was calculated to be between 46 and 57 months. Record document number 20, p. 8.   Petitioner was sentenced within the guidelines range.

[17] Record document number 39, p. 51-52.

Petitioner was adequately informed and aware of the consequences of her guilty plea, including the waiver of her right to appeal and to seek post-conviction relief. Because the petitioner's guilty plea was knowingly and intelligently entered, and she knowingly and voluntarily waived her right to appeal and to collaterally attack her sentence, the Grounds One and Three cannot be a basis for relief under § 2255. *See Bond*, 414 F.3d 544.

**B. Ground Two: Ineffective Assistance of Counsel - Waiver**

In Ground Two the petitioner argued that she was denied effective assistance of counsel. Specifically, the petitioner argued that she was denied effective assistance of counsel when counsel failed to present to the district judge at sentencing information regarding the resale of property that was completed prior to sentencing. Petitioner argued that presentation of the information would have resulted in an offset against the amount of loss and ultimately a decrease in her offense level and a lesser sentence.

The United States Court of Appeals for the Fifth Circuit has held that a defendant may waive his right to 28 U.S.C. § 2255 post-conviction relief if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). For such a waiver to be knowing and voluntary, a defendant must understand that he has a right to collateral review and that he is

7

giving up that right.  *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011)(citation and quotation omitted).

An ineffective assistance of counsel claim may defeat a waiver where the alleged ineffective assistance "directly affects the validity of the waiver." *White*, 307 F.3d at 339, 343. "A claim of ineffective assistance of counsel at any other stage, such as sentencing, cannot overcome a knowing and voluntary plea or waiver." *Id*. at 343. A "knowing and intelligent waiver" may not be "easily evaded" merely by raising an ineffective assistance of counsel claim. *Id*. at 344. Where a defendant knowingly and voluntarily agrees to a waiver, despite alleged ineffective assistance of counsel, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id*. at 343-44.

As noted above, the petitioner's guilty plea was knowingly and intelligently entered, and she knowingly and voluntarily waived her right to appeal and to collaterally attack her sentence.  She did not contend, however, that the alleged ineffective assistance of counsel caused her earlier decision to plead guilty to be either not knowing or involuntary.  As such, the provision in the petitioner's Plea Agreement, which waived § 2255 relief, is enforceable. *White*, 307 F.3d at 343.

This is so even though the Plea Agreement contained a provision regarding ineffective assistance of counsel which provided the following:

Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

Plea Agreement, p. 3, ¶ 8.

This language does not give the petitioner an unconditional right to assert any claims for ineffective assistance of counsel she desires to make, but only such claims as she may "otherwise have." Petitioner validly waived her right to attack his sentence, except for the three circumstances described in the Plea Agreement. None of these circumstances apply here. This waiver applies even if brought in the guise of an ineffective assistance of counsel claim. *White*, 307 F.3d at 341-44; *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), *cert. denied*, 546 U.S. 902, 126 S.Ct. 246 (2005)(holding that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001) (same); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001) (same); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001) (same); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000) (same).

**C. Request For Adjustment Based on Humanitarian Grounds**

Petitioner filed a Motion and Memorandum In Support of Request for Incarceration Adjustment and/or Ruling on 2255 Motion Based on Humanitarian Grounds seeking to serve the balance of her sentence on home confinement.

A review of the record showed that the petitioner has been released to home confinement and her motion is now moot.[18]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.  It is further recommended that the petitioner's Motion and Memorandum In Support of Request for Incarceration Adjustment and/or Ruling on 2255 Motion Based on Humanitarian Grounds be denied as moot.

Baton Rouge, Louisiana, December 6, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[18] Record document number 49.

10